JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Edward Patrick McGoun ("McGoun"), appeals the trial court's decision granting summary judgment to appellees, Lewis A. Zipkin ("Zipkin") and Heinika Ltd. dba Panini's on Coventry ("Panini's") (collectively referred to as "appellees"), on McGoun's claims against appellees for injuries he sustained when he fell from a handrail in the common area owned by Zipkin outside of Panini's. For the following reasons, we affirm the trial court's decision.
 {¶ 2} In October 2000, after a few hours of drinking alcohol with friends at Panini's, McGoun exited the bar and mingled with friends on the landing outside. Panini's is located on the second floor of a building owned by Zipkin and Panini's leases its space from Zipkin. To enter and exit Panini's, there is a staircase with a handrail. McGoun observed one of his friends sit on the handrail of the staircase and successfully slide down the handrail to the bottom of the staircase. McGoun, perhaps bolder because of the alcohol he consumed, also sat on the handrail and attempted to slide down the handrail to the bottom of the staircase. However, unlike his friend, McGoun lost his balance and fell over the handrail backwards to the concrete floor approximately 20 feet below. McGoun suffered pelvic, vertebrae, and rib fractures, as well as a lacerated spleen, requiring McGoun to undergo a splenectomy. Although McGoun's experts estimated his total past and future medical expenses and wage losses to be between $630,000 and $3,000,000, McGoun's medical expenses totaled approximately $29,000.
 {¶ 3} As a result, McGoun filed his complaint against Zipkin and Panini's, alleging that he was a business invitee of Panini's, that Panini's and its landlord, Zipkin, owed him the highest degree of care in the maintenance of the staircase, and that as a result of appellees' alleged negligence in maintaining the staircase, McGoun fell from the staircase and was injured. After discovery, Zipkin and Panini's moved separately for summary judgment, which the trial court granted, finding as follows:
 {¶ 4} "Heinika Ltd dba `Panini's' motion for summary judgment, filed 01/29/2004, is granted. The parties do not dispute that the incident occurred in the common area of the building. Panini's owes no duty to plaintiff for an injury occurring in the common area. The lease agreement between the landlord (Lewis Zipkin) tenant (Panini's) reads on page seventeen: `landlord shall be responsible for the operation, management, replacement, repair and maintenance of the common areas of the property and reserves the right to make such changes, alterations, deletions, additions, improvements, repairs or replacements in or to the property and common areas.' Plaintiff argued Panini's had control over the stairway 
handrailing. Plaintiff produced evidence of this control by showing how, after the incident, Panini's installed radiator hose clamps and wire twine on the stairway railing. However, Panini's should not be punished for making improvements to the handrail. The landlord could have easily objected to such modifications and ordered the tenant to remove them. The ultimate control of the common area belongs to the landlord. Lewis A. Zipkin motion for summary judgment, filed 02/02/2004, is granted. The landlord does not owe a duty to ensure business invitees do not slide down the handrail. The handrail was clearly open and obvious. Plaintiff admits he was intoxicated at the time of the incident. The landlord does not owe a heightened duty to plaintiff based on his level of intoxication. The eighth district court of appeals held in Gwin v. Phi Gamma Delta (1997), 1997 WL 638808, `we find that a condition of voluntary intoxication, rather than the involuntary condition of infancy, distinguishes the case from Digildo and there is no heightened standard of care.' The court in Gwin further ruled `an adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions.' Plaintiff admitted he voluntarily chose to drink and to [sic] voluntarily chose to slide down the handrail."
 {¶ 5} McGoun now appeals, citing as his sole assignment of error that the trial court erred in granting summary judgment to appellees. McGoun argues, inter alia, that Zipkin and Panini's owed a duty to maintain the staircase in a safe manner and knew or should have known that patrons of its bar would be intoxicated, sit on the staircase, and fall to the floor 20 feet below. However, upon this court's de novo review of summary judgment to appellees, McGoun's arguments are without merit.
 {¶ 6} First, McGoun argues that because Panini's installed radiator hose clamps and wire twine on the staircase after McGoun fell, Panini's had control over the staircase and should be charged with the duty of care in maintaining the staircase. However, these "subsequent remedial measures" argued by McGoun to demonstrate Panini's control over the staircase are immaterial, as it is undisputed that the common area where the staircase is located is Zipkin's responsibility. Per Section 10 of the lease agreement between Zipkin and Panini's, Zipkin "shall be responsible for the operation, management, replacement, repair and maintenance of the Common Areas of the Property and reserves the right * * * to make such changes, alterations, deletions, additions, improvements, repairs or replacements in or to the Property and Common Areas * * *." Zipkin, as the landlord, is responsible for the staircase located in the common area, not Panini's. Any changes to the staircase made by Panini's was subject to the approval or objection of Zipkin. Although Zipkin did not object to or demand the removal of Panini's installation of the radiator hose clamps and wire twine on the staircase after McGoun fell, this fact, alone, does not impute Zipkin's clear responsibility over the staircase to Panini's. Thus, Panini's owed no duty of care in maintaining the staircase, as it was Zipkin's responsibility.
 {¶ 7} Second, and perhaps more important, Zipkin, while charged with maintaining the staircase, does not owe a duty to ensure that business invitees, such as McGoun, use the handrail to the staircase for its intended purpose — as a guide for one's hand as one walks down the steps. Nor does Zipkin owe any duty to warn its business invitees that there is a staircase, as the staircase is open and obvious. Here, McGoun had been to Panini's in the past and had walked up and down the staircase to Panini's without injury many times. Admittedly, McGoun knew that the staircase was there. On this occasion, McGoun voluntarily chose to sit on the handrail in an attempt to follow his friend's equally risky, yet successful slide down the handrail to the bottom of the staircase. Before McGoun could even attempt to slide down the handrail, he lost his balance and fell over the handrail to the ground. To hold Zipkin or Panini's responsible for McGoun's lapse in judgment — even if others also fell from the staircase[1] — would be absurd. Because McGoun voluntarily chose to take a known risk — sitting on an open handrail which could result in a fall — the trial court properly granted appellees' motions for summary judgment.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, P.J., and Cooney, J., concur.
(*SITTING BY ASSIGNMENT: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.)
[1] McGoun also argues that because other Panini's patrons had fallen in the past after sitting on the handrail, Panini's owed a duty to warn its patrons, either by way of a sign or by employing someone to tell the patrons, that sitting on the handrail could cause injury. This court is loathe to require any property owner to ensure that its business invitees exercise good judgment when encountering a staircase which is openly noticeable.